IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John A. Hendrix, | ) | C/A No. 3:09-2174-CMC-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| AT&T, a/k/a BellSouth Telecommunications, Inc.; and Communications Workers of America, | ) | |
| Defendants. | ) | |

The plaintiff, John A. Hendrix ("Hendrix'), filed this employment case against AT&T a/k/a BellSouth Telecommunications ("AT&T"), his former employer, and Communications Workers of America ("CWA"), the collective bargaining agent for AT&T employees. Hendrix asserts claims of discrimination in violation of the Americans with Disabilities Act ("ADA") against AT&T and state tort law claims against both AT&T and CWA. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant CWA's motion to dismiss Hendrix's claims against it on the ground that the state law claims Hendrix raises against CWA are preempted under federal law and that any analogous federal claim would be time-barred.[1] (Docket Entry 11.) Hendrix filed a response in opposition to CWA's motion. (Docket Entry 13.) Defendant CWA filed a reply. (Docket Entry 14.) Having carefully considered the parties' submissions, the court concludes that CWA's motion should be granted.

---

[1] Hendrix does not appear to dispute that a federal claim based on the duty of fair representation would be time-barred.



## BACKGROUND

Hendrix is a former employee of AT&T and a former non-dues paying member of CWA. CWA is a labor union and is the certified collective bargaining representative for AT&T employees. Hendrix suffers from a condition that renders him legally blind. Hendrix worked for AT&T and its predecessors in interest for approximately fifteen years without incident until March of 2008, when he was informed that grievances had been initiated against him stemming from his physical condition. In his Complaint, Hendrix asserts a state law claim of conspiracy against CWA.[2] Specifically, Hendrix claims that CWA officials "conspired and combined with one another and with others to harm [Hendrix] and to cause him to be terminated and removed from his position," which was "coveted by certain officials with the CWA." (Compl. ¶ 60, Docket Entry 1 at 9.) He alleges that "[s]uch actions were done for personal reasons and in bad faith." (Id. ¶ 64, Docket Entry 1 at 10.)

## DISCUSSION

**A.     Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

---

[2] Hendrix also initially asserted a state law claim of negligence against CWA, (see Compl. ¶¶ 49-58, Docket Entry 1 at 8-9,) but he abandoned this cause of action in his memorandum in opposition to CWA's motion to dismiss. (See Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, Docket Entry 13 at 4.) Accordingly, the only claim to be addressed by the court for purposes of the instant motion is the conspiracy claim against CWA.



accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.     Preemption of State Law Claims under Federal Labor Law**

To ensure uniform application of federal labor policy, federal legislation governing labor relations often preempts state law touching on those matters. See San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959). This federal displacement of state law stems from a variety of sources. BIW Deceived v. Local S6, et al., 132 F.3d 824, 829-30 (1st Cir. 1997). For example, Section 301 of the Labor Management Relations Act ("LMRA") preempts state law claims "if the resolution of [the state law] claim depends upon the meaning of a collective-bargaining agreement." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988).

The National Labor Relations Act ("NLRA") provides another source of federal preemption. Section 9(a) of the NLRA grants labor unions the exclusive status of bargaining representative. 29 U.S.C. § 159(a). With this exclusive status comes the judicially created duty of fair representation, which serves to check arbitrary, discriminatory, or bad faith conduct by a labor union. See NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 181 (1967); Vaca v. Sipes, 386 U.S. 171, 177 (1967). This duty also preempts state law claims "whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." BIW Deceived, 132 F.3d at 830 (quoting Condon v. Local 2944, 683 F.2d 590, 594-95 (1st Cir. 1982)). The scope of the duty of fair representation preempts state law claims that arise out of a labor union's status as collective bargaining representative if those

claims arise from duties that mirror the obligations imposed by the federal duty of fair representation. See Condon, 683 F.2d at 595 (stating that state-imposed duties on the union are preempted unless they "arise wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement"); see also Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1169 (4th Cir. 1985) (stating that the preemption inquiry in duty of fair representation cases is "whether the duty of fair representation claim itself 'preempts' the power of the district court to exercise its pendent jurisdiction over related state law claims"); Maynard v. Revere Copper Products, Inc., 773 F.2d 733, 735 (6th Cir. 1985) (agreeing that a state claim that "created no new rights for an employee and imposed no new duty on a union not already clearly present under existing federal labor law" is preempted). When the underlying dispute draws its basic character from the labor union's alleged violation of federal law, and the state law claims, both in substance and relief, are identical to the federal claim, then the state law claims are preempted by the duty of fair representation. See Peterson, 759 F.2d at 1170.

Here, as noted above, Hendrix's conspiracy claim against CWA alleges that CWA officials conspired to harm him and cause his termination from AT&T. The claim essentially asserts discrimination against him as a non-dues paying member, a claim that invokes rights derived from CWA's duty of fair representation. See NLRB v. Allis-Chalmers, 388 U.S. at 181. Any duty by CWA not to conspire to have Hendrix fired because he was a non-dues paying member of the union stems from the federal duty of fair representation. See Condon, 683 F.2d at 595. The claim draws its basic character from CWA's alleged violation of the duty of fair representation and is essentially identical in substance and relief to the federal claim. See Peterson, 759 F.2d at 1170 (holding that a state law claim of conspiracy was preempted by the federal duty of fair representation and finding

PJG

that the only losses the plaintiff sustained were due to his wrongful discharge and that the plaintiff could recover all of those damages under federal law if he could prove that they were attributable to the union's misconduct). Consequently, the court finds that Hendrix's state law claim of conspiracy is preempted by federal law.

Hendrix's argument to the contrary is unavailing. In his response to CWA's motion to dismiss, Hendrix contends that the conspiracy claim is not preempted by federal law because resort to the collective bargaining agreement is not necessary to resolve the state claim. (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, Docket Entry 13 at 3.) As noted above, however, this test is the one developed by courts regarding preemption caused by Section 301 of the LMRA. It has no applicability to determining whether a state law claim is preempted by the federal duty of fair representation that stems from Section 9 of the NLRA.

## RECOMMENDATION

Hendrix's state law claims against CWA are preempted by federal law. Accordingly, the court recommends that CWA's motion to dismiss Hendrix's claims against it (Docket Entry 11) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).