**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| John A. Hendrix, ) | C/A NO. 3:09-2174-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| AT&T, a/k/a BellSouth Telecommunications, Inc.; ) | |
| and Communications Workers of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Through this action, Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against AT&T, his former employer, and state tort law claims against both AT&T and the Communications Workers of America ("CWA"), the collective bargaining agent, or union, for AT&T employees. This matter is currently before the court on CWA's motion to dismiss Plaintiff's state-law claims against the union, pursuant to Fed. R. Civ. P. 12(b)(6), because they are preempted by the union's federally imposed duty of fair representation. Dkt. No. 11. For the reasons stated below, the court grants this motion and dismisses Plaintiff's state-law claims against CWA.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 25, 2010, the Magistrate Judge issued a Report recommending that the court grant CWA's motion to dismiss because Plaintiff's state law claims against CWA are preempted by federal law. Dkt. No. 28. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so by fourteen days after service of the Report, which was April 12, 2010. *See id.* at 6. Neither party filed an objection. This matter is now before the court for review of the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

Because neither party filed an objection to any aspect of the Report, the court reviewed its reasoning and recommendations for clear error. Having done so, the undersigned finds no errors in the Report and concurs with the Report in its analysis. Accordingly, the court **adopts** the Report in all respects, **grants** CWA's motion, and **dismisses** Plaintiff's state-law claims against CWA, with prejudice. Because Plaintiff asserted only the preempted state-law claims against CWA, and because a federal fair representation claim against CWA would be time-barred, *see DelCostello v. Teamsters*, 462 U.S. 151, 170 (1983), CWA is no longer a Defendant in this action. Plaintiff's federal and state-law claims against AT&T remain before the court.

**IT IS SO ORDERED.**

                                                      s/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 21, 2010